BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant MICHAEL ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08 00099 CW [WDB] |
| Plaintiff, | MICHAEL ANDERSON'S SENTENCING MEMORANDUM |
| vs. | Date: April 17, 2008 |
| MICHAEL ANDERSON, | Time: 10:00 a.m. |
| Defendant. | |

**1. Preliminary Statement**

Michael Anderson has never contested any aspect of the government's case against him. From inception, he indicated that he wished to accept responsibility for his conduct and on April 17, 2008, he intends to plead guilty to a misdemeanor information charging him with aiding and abetting the possession of marijuana.

Mr. Anderson submits this brief memorandum to give the Court some insight into his life and to place his conduct in context, and in support of his request that the Court sentence him to a term of probation.

**2. Background**

Michael Anderson was born thirty-four years ago in Sylva, North Carolina. Although he

had a happy childhood, his parents divorced when he was ten and he went to live with his grandparents. Despite his parents' breakup, Mr. Anderson stayed close to both of them.

Before finishing high school, Mr. Anderson felt the lure of Hollywood, where his brother, Joe Anderson, was establishing himself as a television actor of some note. Mr. Anderson made a go at dramatic roles himself, but cut his efforts short when Joe tragically was killed by a drunk driver. The effects of Joe's death upon the family were immediate and devastating. Mr. Anderson's mother was inconsolable and unable to take care of Mr. Anderson's younger brother, then only ten years old. Mr. Anderson moved to Seattle, where he stayed for seventeen years, raised his brother and took care of his mother. He held a number of diverse jobs, ranging from catering to sheet metal worker, prisoner outreach volunteer to professional musician, as well as numerous jobs in his present occupation as a painter.

## 3. Sentencing Recommendation

*United States v. Booker*, 543 U.S. 220 (2005), directs the sentencing court to impose an appropriate sentence, unencumbered by offense levels, criminal history, or the availability of authorized downward departures. Under the post-*Booker* discretionary sentencing regime, there is no longer any question that the advisory Guideline range is only one factor among several that this Court is required to consider in determining what constitutes a reasonable sentence. The Court is free to disagree with Guideline ranges and policy considerations. *See Kimbrough v. United States*, 128 S.Ct. 558, 57 (2007). While circuit courts of appeal may apply a presumption of reasonableness to sentences within the applicable Guidelines range, *Rita v. United States*, 127 S.Ct. 2456 (2007), the district court "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465. Nor is it required to use a formulaic approach yielding a mathematical justification of non-Guidelines sentences. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). Rather, it must exercise "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Rita*, 127 S.Ct. at 2469.

In sum, "th[e] mandatory system [embodied in § 3553(b)] is no longer an open choice." *Booker*, 543 U.S. at 263. Instead, the district court's duty is to impose the least amount of time necessary to achieve § 3553(a)'s purposes. The Guidelines range is subordinate to that duty.

In this case, the record fully supports a probationary sentence. Mr. Anderson has no criminal history or law enforcement contacts. Equally important, his offense conduct was limited to the lower echelons of the business operation headed by the principal defendant in this matter. He didn't manage any of the business's affairs, supervise any employees, or participate in the cultivation or manufacture of any of the company's products. He role was limited to delivering products to various marijuana clubs based on directions from those who managed the operation.

Mr. Anderson does not offer his comparatively minor role as an excuse, nor does he suggest that his conduct should be beyond the reach of punishment. He believes, however, that justice ultimately is a moderating principle – in this case, a principle that balances his demonstrable work ethic, his dedication to and compassion for his family, and his otherwise law-abiding life, against the need for deterring the conduct that brings him before this Court. The salient factors under 18 U.S.C. §3553(a) are met with a probationary sentence for one simple, but demonstrable, reason: Mr. Anderson has been "scared straight." He recognizes that his own personal beliefs about the salutary effects of the products he helped distribute ultimately are irrelevant if his conduct violated the law. He candidly admitted his involvement in this offense to defense counsel, and stated that he wanted nothing more than to return to making a productive life for himself and his wife in Georgia. He has done so since his initial appearance and is prepared to continue to do so while under this Court's supervision.

On this record, it is difficult to conjure any reason why justice would not be served by placing Mr. Anderson on probation in conformity with the joint request the parties will make during the sentencing hearing.

1  **4. Conclusion**

2      For the reasons stated, Michael Anderson respectfully requests that the Court sentence

3  him to a term of probation.

4

5  Dated: April 11, 2008

6                            Respectfully submitted,

7                            BARRY J. PORTMAN
                           Federal Public Defender

8

                               /S/

9

                          JEROME E. MATTHEWS
10                           Assistant Federal Public Defender

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26