JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KESLIE STEWART (CABN 184090)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: Keslie_Stewart@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff, ) <br> v. ) <br> MICHAEL MARTIN, ) <br>     Defendant. ) | No. CR 08-00099 CW <br><br> UNITED STATES' OPPOSITION TO CONTINUANCE OF SENTENCING HEARING TO SEPTEMBER 10, 2008 |

The defendant's sentencing hearing is currently set for July 2, 2008. A co-defendant, Jessica Sanders, is set to be sentenced on July 9, 2008. Defendant Michael Martin has moved for a continuance of his sentencing date to September 10, 2008 for the following reasons:

1) The defendant's mother is disabled and will not be able to attend his sentencing if it occurs earlier than September;

2) The defendant's wife and children are in the process of moving out of state;

3) The defense has not provided the financial information to the Probation Office that is necessary for the preparation of a presentence report;

OPPOSITION TO CONTINUANCE
CR 08-00099 CW

4) Defense counsel have been too busy with other matters to prepare materials for the Probation Officer in advance of the defendant's interview; and

5) Defense counsel have two trials scheduled in July.

The United States does not oppose a short continuance to August 6, 2008 to allow the Probation Officer time to prepare the presentence report. There is no basis, however, for a two month continuance.

<u>The Defendant Has No Right To Have His Ailing Mother Present At Sentencing</u>

The defendant does not have a right to have family members speak at his sentencing. *See* R. Crim. P. 32(i)(4). Although within the discretion of the Court, there is nothing about this case which suggests it would be helpful, let alone necessary, for the Court to hear testimony from the defendant's mother. The Court can consider any materials the defendant's mother wishes to provide in the context of the defendant's sentencing memorandum. Given his mother's ill health, it makes more sense for the defendant to spend time with her in Arizona. The government would not object to a request for travel by the defendant to Arizona for the purpose of visiting his mother prior to or even after sentencing.

<u>A Continuance to August 6 Allows Defendant's Family Two Months To Relocate</u>

A continuance to early August would give the defendant more than two months to help his wife and children move. The defendant is likely to have additional time after sentencing before he is required to surrender to begin serving his sentence.

<u>The Defense Should Be Able to Provide Necessary Documentation Within One Month</u>

The government has always made evidence available to the defense for inspection. Attached to this Opposition as Exhibit 1 are letters dating back to October 2007 making all evidence in the government's possession available to the defense. Attached to this Opposition as Exhibit 2 are two DEA memorandums documenting two occasions when the defense was given access to evidence in DEA custody. The government will continue to make the documents available to the defense such that production of financial information to the Probation Officer should be possible prior to June 25, 2008. This would still allow the Probation Officer time to complete his draft presentence report in a timely manner.

OPPOSITION TO CONTINUANCE
CR 08-00099 CW                                             2

A Further Continuance May Be Reasonable If Defense Counsel Are Still In Trial In August

Finally, the government is sensitive to the burdens of preparing for trial, and should defense counsel find themselves in trial the week of August 6, the government would not oppose a further continuance at that time. Given, however, that this is only mid-May and that August 6 is more than two months away, it is possible that one or both of defense counsel's scheduled trials will settle prior to trial.

## CONCLUSION

For all of the reasons stated above, the government opposes a continuance to September 10, 2008 and respectfully requests a continuance to August 6, 2008 to allow the defense and the Probation Officer time to prepare the presentence report.

DATED: May 14, 2008                     Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney


                                        _____/s/_____
                                        KESLIE STEWART
                                        Assistant United States Attorney

OPPOSITION TO CONTINUANCE
CR 08-00099 CW                          3

# EXHIBIT 1

Case 4:08-cr-00099-WDB    Document 102    Filed 05/14/2008    Page 4 of 13



1301 Clay Street, Suite 340S
Oakland, California 94612

October 9, 2007

**VIA HAND DELIVERY**
Randolph E. Daar
506 Broadway
San Francisco, CA 94133
*Counsel for Jessica Sanders*

**VIA HAND DELIVERY**
Jerome Matthews
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94612
*Counsel for Michael Anderson*

**VIA FEDERAL EXPRESS**
Sara Zalkin
506 Broadway
San Francisco, CA 94133
*Counsel for Michael Martin*

**VIA FEDERAL EXPRESS**
Lewis Romero
885 Bryant Street, Second Floor
San Francisco, CA 94103
*Counsel for Diallo McLinn*

RE:   United States v. Martin, et al., 4:07-70574 WDB

Dear Counsel:

In response to your discovery requests in this case, enclosed is a CD with scanned in documents labeled MARTIN-00001 through MARTIN-01337. Additional documents and materials will be forthcoming shortly.

As you can see from the enclosed discovery, the United States is liberally providing material that it may not be required to provide under any applicable law or rule. Providing this discovery is not a concession or acknowledgment by the government that any or all of the foregoing discovery is required under Rule 16, the Jencks Act, or other federal statutes or rules. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

I will make any original materials available to you for your inspection upon request.

Pursuant to Rules 16(b) and (c) of the Federal Rules of Criminal Procedure, I hereby make a continuing request for all reciprocal discovery required by Rule 16(b) including the following:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial.

2. Inspection and/or copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at trial, or which have been prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness's testimony.

3. A written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence as trial. The summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witness's qualifications.

Furthermore, the Government hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by the defendant which are referenced in the enclosed discovery, either as inextricably intertwined conduct or pursuant to Rule 404(b) of the Federal Rules of Evidence.

In addition, I also request, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, notice of any alibi that the defendant may offer regarding the commission of the offense charged in the complaint. Finally, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, I request that the defendant produce statements of witnesses whom the defendant intends to call at trial.

Sincerely,

SCOTT N. SCHOOLS
United States Attorney

By: _____
H. H. (SHASHI) KEWALRAMANI
Assistant United States Attorney

Encl.



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*1301 Clay Street, Suite 340S*          *(510) 637-3717*
*Oakland, California 94612*              *FAX:(510) 637-3724*

October 12, 2007

**VIA FEDERAL EXPRESS**
Randolph E. Daar
506 Broadway
San Francisco, CA 94133
*Counsel for Jessica Sanders*
Oakland, CA 94607

**VIA HAND DELIVERY**
Jerome Matthews
Assistant Federal Public Defender
555 12th Street, Suite 650
Oakland, CA 94612
*Counsel for Michael Anderson*

**VIA FEDERAL EXPRESS**
Sara Zalkin
506 Broadway
San Francisco, CA 94133
*Counsel for Michael Martin*

**VIA FEDERAL EXPRESS**
Lewis Romero
885 Bryant Street, Second Floor
San Francisco, CA 94103
*Counsel for Diallo McLinn*

RE:   *United States v. Martin, et al., 4:07-70574 WDB*

Dear Counsel:

In response to your discovery requests in this case, enclosed is additional discovery labeled MARTIN-01338 through MARTIN-01379. Additional documents and materials will be forthcoming shortly.

As you can see from the enclosed discovery, the United States is liberally providing material that it may not be required to provide under any applicable law or rule. Providing this discovery is not a concession or acknowledgment by the government that any or all of the foregoing discovery is required under Rule 16, the Jencks Act, or other federal statutes or rules. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

I will make any original materials available to you for your inspection upon request.

Pursuant to Rules 16(b) and (c) of the Federal Rules of Criminal Procedure, I hereby make a continuing request for all reciprocal discovery required by Rule 16(b) including the following:

1. Inspection and/or copies of all books, papers, documents, photographs, tangible objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial.

2. Inspection and/or copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at trial, or which have been prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness's testimony.

3. A written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence as trial. The summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witness's qualifications.

Furthermore, the Government hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by the defendant which are referenced in the enclosed discovery, either as inextricably intertwined conduct or pursuant to Rule 404(b) of the Federal Rules of Evidence.

In addition, I also request, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, notice of any alibi that the defendant may offer regarding the commission of the offense charged in the complaint. Finally, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, I request that the defendant produce statements of witnesses whom the defendant intends to call at trial.

Sincerely,

SCOTT N. SCHOOLS
United States Attorney

By: *[signature]*

H. H. (SHASHI) KEWALRAMANI
Assistant United States Attorney

Encl.



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

| | |
|---|---|
| *1301 Clay Street, Suite 340S* | *(510) 637-3717* |
| *Oakland, California 94612* | *FAX:(510) 637-3724* |

November 2, 2007

| | |
|---|---|
| **VIA FEDERAL EXPRESS** | **VIA HAND DELIVERY** |
| Randolph E. Daar | Jerome Matthews |
| 506 Broadway | Assistant Federal Public Defender |
| San Francisco, CA 94133 | 555 12th Street, Suite 650 |
| *Counsel for Jessica Sanders* | Oakland, CA 94612 |
| | *Counsel for Michael Anderson* |
| | |
| **VIA FEDERAL EXPRESS** | **VIA FEDERAL EXPRESS** |
| Sara Zalkin | Laurel Headley |
| 506 Broadway | Arguedas, Cassman, & Headley |
| San Francisco, CA 94133 | 803 Hearst Avenue |
| *Counsel for Michael Martin* | Berkeley, California 94710 |
| | *Counsel for Diallo McLinn* |

    RE:    *United States v. Martin, et al., 4:07-70574 WDB*

Dear Counsel:

    In response to your discovery requests (or in the case of Mr. McLinn's case, his prior counsel's discovery reqeust) in this case, enclosed is additional discovery labeled MARTIN-01380 through MARTIN-01691. This appears to be the vast majority of the discovery, but additional material may be provided.

    As you can see from the enclosed discovery, the United States is liberally providing material that it may not be required to provide under any applicable law or rule. Providing this discovery is not a concession or acknowledgment by the government that any or all of the foregoing discovery is required under Rule 16, the Jencks Act, or other federal statutes or rules. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

    I will make any original materials available to you for your inspection upon request.

    Pursuant to Rules 16(b) and (c) of the Federal Rules of Criminal Procedure, I hereby make a continuing request for all reciprocal discovery required by Rule 16(b) including the following:

    1. Inspection and/or copies of all books, papers, documents, photographs, tangible

objects, or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial.

2. Inspection and/or copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at trial, or which have been prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness's testimony.

3. A written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence as trial. The summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witness's qualifications.

Furthermore, the Government hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by the defendant which are referenced in the enclosed discovery, either as inextricably intertwined conduct or pursuant to Rule 404(b) of the Federal Rules of Evidence.

In addition, I also request, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, notice of any alibi that the defendant may offer regarding the commission of the offense charged in the complaint. Finally, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, I request that the defendant produce statements of witnesses whom the defendant intends to call at trial.

Sincerely,

SCOTT N. SCHOOLS
United States Attorney

By: _____
H. H. (SHASHI) KEWALRAMANI
Assistant United States Attorney

Encl.

# EXHIBIT 2

**U.S. Department of Justice**
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code<br>N/A | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: SA Michael Malocu<br>At: San Francisco F.D.<br>Oakland Resident Office | | | 6. File Title | |
| 7. ☐ Closed ☐ Requested Action Completed<br>☐ Action Requested By: | | | 8. Date Prepared<br>10/23/07 | |

9. Other Officers: N/A

10. Report Re: Photocopying of Exhibits N-317, N-313, N-306, N-305, N-302, N-308, N-329.

1. On October 23, 2007, Special Agent (SA) Michael Malocu checked-out Non-Drug Exhibits N-317, N-313, N-306, N-305, N-302, N-308 and N-329 from the ORO Non-Drug Evidence Custodian for the purposes of photocopying the evidence. A representative for Sarah Zulkin (Attorney for MARTIN), Erin De La Cruz, performed the photocopying, as witnessed by SA Malocu, SA Brian Neil, SA Heather Boone and SA Todd Armstrong.

2. It should be noted that Exhibits N-328 and N-327 were also requested to be photocopied, but due to time restraints, were unable to be copied on this date (SA Malocu called Attorney Zulkin and informed her that all requested evidence has not been copied. SA Malocu was informed that she (Attorney Zulkin) will contact SA Malocu at a later date in order to finish the photocopying, if necessary).

2. On the same date, the evidence envelopes and boxes were cut open, then subsequently resealed following the photocopying session. The evidence was then returned to the ORO NDEC. SA Todd Armstrong witnessed the resealing of the exhibits.

**INDEXING**

1. None.

| 11. Distribution:<br>Division<br>District<br>Other | 12. Signature (Agent)<br>Michael Malocu, Special Agent | 13. Date<br>10/23/07 |
|---|---|---|
| | 14. Approved (Name and Title)<br>Edward Fiocchi,<br>Group Supervisor | 15. Date<br>10/24/07 |

DEA Form - 6
(Jul. 1996)

mtm 2007-10-23 evidencecopywithdefense
1 - Prosecutor

**DEA SENSITIVE**
Drug Enforcement Administration

E-MAILED
10-31-07

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

**U.S. Department of Justice**
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code<br>N/A | 2. Cross File | Related Files | 3. File No.<br>▇▇▇▇▇ | 4. G-DEP Identifier<br>▇▇▇▇ |
|---|---|---|---|---|
| 5. By: SA Michael Malocu<br>At: San Francisco F.D.<br>Oakland Resident Office | ☐<br>☐<br>☐ | | 6. File Title<br>▇▇▇▇▇▇▇ | |
| 7. ☐ Closed  ☐ Requested Action Completed<br>☐ Action Requested By: | ☐ | | 8. Date Prepared<br>11/19/07 | |

9. Other Officers: N/A

10. Report Re: Photocopying of Non-Drug Exhibits N-327 and N-328 on November 19, 2007.

## DETAILS

1. On November 19, 2007, Special Agent (SA) Michael Malocu checked-out Non-Drug Exhibits N-327 and N-328 from the ORO Non-Drug Evidence Custodian for the purposes of photocopying the evidence. A representative for Sarah Zalkin (Attorney for MARTIN), Erin De La Cruz, performed the photocopying, as witnessed by SA Malocu.

2. On the same date, the evidence envelopes and boxes were cut open, then subsequently resealed following the photocopying session. The evidence was then returned to the ORO NDEC. SA Brian Neil witnessed the resealing of the exhibits.

3. It should be noted that, due to a malfunction of the photocopy machine, Non-Drug Exhibit N-327 was not finished being photocopied. Arrangements will be made to finish photocopying this exhibit at a later date.

## INDEXING

1. None.

| 11. Distribution:<br>Division<br>District<br>Other ▇▇▇ | 12. Signature (Agent)<br>*[signature]*<br>Michael Malocu, Special Agent | 13. Date<br>11/19/07 |
|---|---|---|
| | 14. Approved (Name and Title)<br>Edward Fiocchi,<br>Group Supervisor | 15. Date<br>11/19/07 |

DEA Form - 6
(Jul. 1996)

mtm 2007-11-19 evidencecopywithdefense2
1 - Prosecutor

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

E-MAILED
11-26-07